IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN, <br><br> Plaintiff, <br> vs. <br><br> WEST JORDAN CITY et al., <br><br> Defendants. | MEMORANDUM DECISION <br> AND ORDER <br><br> Case No.  2:12CV736 DAK |

This matter is before the court on Defendants City of West Jordan and Lt. Shober's ("Defendants") Second Motion to Dismiss, or in the Alternative, Partial Summary Judgment.  A hearing on the motion was held on March 20, 2013.  At the hearing, Plaintiff Aaron Jensen was represented by Justin D. Heideman, and Defendants were represented by Stuart E. Williams.  The court has carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.   Now being fully advised, the court renders the following Memorandum Decision and Order.

Defendants have moved to dismiss Plaintiff's Fifth Cause of Action (Negligent Supervision) and Sixth Cause of Action (Intentional Interference with Economic Relations), arguing that Plaintiff failed to timely file a Notice of Claim against the City.[1]  The Utah Governmental Immunity Act provides that "[a] claim against a governmental entity . . . is barred

---

[1] Plaintiff has already stipulated to dismissing the Fourth Cause of Action (Negligent Infliction of Emotional Distress), along with all causes of action "to the extent they rely upon Pre-Settlement allegations."

unless [a] notice of claim is filed . . . within one year after the claim arises . . . ."  Utah Code Ann. § 63G-7-402.  Defendants contend that Plaintiff filed his Notice of Claim sixty-six days too late, and therefore, the Fifth and Sixth Causes of Action must be dismissed.  Specifically, they argue that Plaintiff knew by March 24, 2011, as demonstrated by the filing of his UALD Charge (i) that he had a claim against the City or its employee; (ii) the identity of the governmental entity or the name of the employee before a year preceding the notice of claim filed against the City and (iii) the nature of the claim.  Utah Code Ann. § 63G-7-401(1)(b).  Plaintiff, however, waited, until May 29, 2012 to file his Notice of Claim, rendering it untimely, according to Defendants.

     The court disagrees with Defendants and declines to dismiss either the Fifth or Sixth Causes of Action.  As Plaintiff set forth in his Memorandum in Opposition, there are new claims contained in the Notice of Claim that are not contained in the March 2011 UALD Charge because they occurred after March 2011 and as late as May 2012.

     Through the briefing of the instant motion, Defendants have conceded that their motion "may be premature" regarding the Sixth Cause of Action (Intentional Interference with Economic Relations).  They state, however, that they anticipate being able to show, after discovery, that this allegation was part of the March 2011 UALD charge.  The court agrees that the motion is premature at this juncture.  Defendants may file a motion for summary judgment after discovery, if the facts so warrant.

     Regarding the Fifth Cause of Action (Negligent Supervision), Defendants argue that this claim relies on pre-settlement claims, which Plaintiff has previously conceded are not the basis

for a valid cause of action.[2]  It appears to the court, however, that Plaintiff has alleged actions that occurred within a year of filing the Notice of Claim.  While Plaintiff will not be permitted to recover damages for his Negligent Supervision claim for actions that occurred prior to May 29, 2011, he may recover to the extent he has evidence of conduct occurring within the year prior to filing his Notice of Claim.  If, after discovery, Defendants can demonstrate that there are no genuine issues of material fact as to when the alleged offending conduct occurred, they may move for summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Second Motion to Dismiss , or in the Alternative, Partial Summary Judgment [Docket No. 14] is DENIED.

DATED this 21th day of June, 2013.

BY THE COURT:

*[signature: Dale A. Kimball]*

DALE A. KIMBALL
United States District Judge

---

[2]  Defendants also argue, in their reply memorandum, that Plaintiff has no damages for this claim because even if the City attempted to influence the prosecutor after the charges were dismissed without prejudice, Plaintiff has admitted that the prosecutor would not take their calls and refused to be influenced by them.  Thus, Defendants contend, there was no injury.   The court declines to consider this argument, which was raised for the first time in Defendants' reply memorandum.