IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN, <br><br> Plaintiff, <br><br> v. <br><br> WEST JORDAN CITY, et al., <br><br> Defendants. | MEMORANDUM DECISION <br><br> Case No. 2:12-cv-00736-DAK-DBP <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This civil rights complaint was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket No. 36.) Plaintiff is Aaron Jensen. Defendant relevant here is West Jordan City, a Utah municipal corporation. Defendant previously subpoenaed nonparty Brenda Beaton ("Movant"). In response, Movant filed this motion to quash Defendant's subpoena. (Dkt. No. 33.) For the reasons set forth below, the Court **DENIES** the motion.

## II. PROCEDURAL HISTORY

In April 2009, Plaintiff entered into a settlement agreement with Defendant regarding harassment that Plaintiff suffered while employed by the West Jordan City Police Department. (Dkt. No. 5 at 12-13.) Movant represented Plaintiff in that settlement as his attorney. (Dkt. Nos. 33 at 1; 37 at 2.) After withdrawing as Plaintiff's attorney in that case, Movant still periodically assisted Plaintiff with his legal issues, including his current complaint. (Dkt. No. 33 at 1.)

Plaintiff's current complaint relates to continued harassment that Defendant inflicted on Plaintiff. (Dkt. No. 5.) Movant also currently represents Plaintiff in another unrelated matter. (Dkt. No. 33 at 2.)

On April 11, 2014, Defendant subpoenaed Movant to testify at a deposition and to bring the following documents: (1) all written and electronic communications regarding Plaintiff that Movant received from or transmitted to West Jordan employees/representatives; (2) all settlement agreements regarding Plaintiff that Movant exchanged with West Jordan employees/representatives; and (3) all documents related to any investigation/prosecution regarding Plaintiff that was conducted by the Salt Lake County District Attorney's Office, the Davis County Attorney's Office, the Utah County Attorney's Office, P.O.S.T., and any other municipality, county agency, state agency, or federal agency. (Dkt. No. 34, Attach. A.)

### III. STANDARD OF REVIEW FOR MOTION TO QUASH SUBPOENA

On April 22, 2014, Movant objected to Defendant's subpoena. (Dkt. No. 34.) On April 23, 2014, Movant filed the current motion to quash the subpoena. (Dkt. No. 33.) Applicable here, "[o]n timely motion," a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Fed. R. Civ. P. 45(d)(3)(A)(iii). However, the party bringing the privilege claim bears the burden to establish that it applies. *In re Grand Jury Subpoenas*, 144 F.3d 653, 658 (10th Cir. 1998).

### IV. ANALYSIS OF MOVANT'S MOTION TO QUASH SUBPOENA

Movant seeks to quash Defendant's subpoena because she acted as Plaintiff's previous counsel. (Dkt. No. 33.) Movant primarily argues that her subpoenaed testimony "is likely to encroach upon her legal and ethical obligations to maintain attorney/client privilege. Furthermore, such testimony is likely to encroach upon her attorney work product." (*Id.* at 2.)

Defendant opposes Movant's motion to quash because it "is not seeking privileged documents or privileged testimony . . . ." (Dkt. No. 37 at 3.) Instead, Defendant claims it drafted its subpoena to "avoid[] any request for a privileged document." (*Id.*) For instance, some subpoenaed communications occurred between Movant and "multiple third-party individuals, entities, and agencies . . . ." (*Id.*) Therefore, Movant cannot claim such communications fall under the attorney-client privilege. (*Id.*) *See In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011) ("[I]f persons other than the client, its attorney, or their agents are present, the communication is not made in confidence, and the privilege does not attach.") (quotations omitted).

Even assuming the subpoena covers protected information, Defendant argues that Movant's "blanketed" privilege and work product claims are insufficient to quash Defendant's subpoena. (Dkt. No. 37 at 3.) In this regard, Defendant emphasizes that Movant fails "to provide a single legal authority to" support such claims. (*Id.* at 4.)

The Court agrees with Defendant. To the extent that Defendant's subpoena seeks Movant's communications with third parties, such communications might fall outside protected grounds. Movant's blanket statement that Defendant's subpoena "is likely to encroach" on her attorney-client privilege and her work product fails to convince the Court otherwise.

Accordingly, the Court **DENIES** Plaintiff's motion to quash on attorney-client privilege and work product grounds. *See S.E.C. v. Badger*, No. 2:97-CV-963K, 2009 WL 816133, at * 2 (D. Utah 2009) (unpublished) ("Rather than a blanket assertion of privilege, if [subpoenaed person] has documents that are subject to the attorney-client privilege or are otherwise privileged, he must . . . provide a description of any documents withheld.").

In so ruling, the Court appreciates Movant's concerns about disclosing "expunged and sealed" criminal records and other confidential information "furnished by a prosecution or investigative entity." (Dkt. No. 33 at 3.) The Court emphasizes that Movant may "withhold[] [such] subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material . . . ." Fed. R. Civ. P. 45(e)(2)(A). However, if Movant so withholds, she "must . . . describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Id.* 45(e)(2)(A)(ii).

As another reason to quash Defendant's subpoena, Movant argues that Defendant failed to reasonably compensate her for her time associated with the subpoena. (Dkt. No. 33 at 3.) Movant argues the check for $95.11 that Defendant sent her is insufficient because Movant "regularly charges $300.00 an hour for her services as a criminal defense attorney and $250.00 an hour for her services as a civil attorney." (*Id.*)

Defendant counters that it "calculated [Movant's] witness fee of $40.00 as outlined in 28 U.S.C. § 1821(b), and a mileage in compliance with IR-2013-95 of 0.56 [cents] per mile from the location of [Movant's] office to the location of the deposition in West Jordan City." (Dkt. No. 37 at 7.) *See* 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance."); I.R.S. News Release IR-2013-95 (Dec. 6, 2013) (setting "the standard mileage rates for the use of a car" at "56 cents per mile for business miles driven.").

Moreover, Plaintiff cites no authority that requires a subpoenaed witness to be reimbursed at their billable hour rate. As such, the Court **DENIES** Plaintiff's motion to quash on reasonable compensation grounds. *See Brown v. City of Maize, Kan.*, Case No. 07-1178-JTM, 2008 WL 754742, at *4 (D. Kan. Mar. 18, 2008) (unpublished) (concluding that reimbursement "for the

cost of producing [] requested documents at $0.15 per page" was "reasonable," and finding that subpoenaed individuals' "demand for attorneys' fees of $150/hour" was "not warranted.").

V.     **ORDERS**

For the reasons set forth above, the Court **DENIES** Movant Brenda Beaton's motion to quash Defendant West Jordan City's subpoena. (Dkt. No. 33.)

Movant must comply with Defendant's subpoena. Within **fifteen (15) days** of this order, Movant must provide Defendant with all responsive documents to Defendant's subpoena. To the extent Movant claims the subpoenaed information is protected, Movant must comply with the requirements at Fed. R. Civ. P. 45(e)(2)(A) for making such claims. Within **thirty (30) days** after producing the subpoenaed documents, Movant must appear at a mutually agreed upon time for the subpoenaed deposition.

Dated this 28th day of May, 2014.          By the Court:

Dustin B. Pead
United States Magistrate Judge