IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN,<br><br>    Plaintiff,<br><br>v.<br><br>WEST JORDAN CITY, et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00736-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

**I.    INTRODUCTION**

This civil rights complaint was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket No. 36.) Plaintiff is Aaron Jensen. Defendant relevant here is West Jordan City, a Utah municipal corporation. On April 11, 2014, Defendant subpoenaed nonparty Brenda Beaton ("Movant") to produce documents and to testify at a deposition. (Dkt. No. 34, Attach. A.) On May 28, 2014, the Court denied Movant's motion to quash the subpoena. (Dkt. No. 39.) The Court ordered Movant to produce subpoenaed documents within **fifteen (15) days** of its order. (*Id.* at 5.) The Court further ordered that "[w]ithin **thirty (30) days** after producing the subpoenaed documents, Movant must appear at a mutually agreed upon time for the subpoenaed deposition." (*Id.*)

On June 12, 2014 – fifteen days from the Court's May 28, 2014 order – Movant filed a certificate of delivery confirming she had produced subpoenaed documents to Defendant per the Court's order. (Dkt. No. 41.)

However, Movant's deposition did not occur per the timeline set forth in the Court's order. Because Movant produced subpoenaed documents on June 12, 2014, her deposition should have occurred within thirty days thereafter - by July 12, 2014. Instead, on August 7, 2014 - twenty-six days after the deposition deadline, Defendant issued a deposition notice to Movant. (Dkt. No. 42.)

On August 18, 2014, Movant objected to the deposition notice as untimely. (Dkt. No. 43.) On September 15, 2014, Movant filed the present motion to strike her deposition. (Dkt. No. 46.) For the reasons set forth below, the Court **DENIES** Movant's motion.

## II.    MOVANT'S MOTION TO STRIKE HER DEPOSITION

To reiterate, the Court ordered Movant to appear "at a mutually agreed upon time for" her deposition "[w]ithin thirty [] days after" she produced subpoenaed documents. (Dkt. No. 39 at 5.) Movant interprets this Court's order as requiring Defendant to "contact [her] and set up a 'mutually agreed upon time'" for her deposition. (Dkt. No. 46 at 3.) Movant believes she "had <u>no</u> obligation to contact [Defendant] to arrange the deposition date." (Dkt. No. 47 at 2.) Because Defendant waited more than thirty days after Movant's June 12, 2014 document production to schedule her deposition, Movant seeks to strike the deposition as untimely under the Court's May 28, 2014 order. (Dkt. No. 46 at 1.)

The Court concludes that Movant misinterprets its May 28, 2014 order. The Court does not read the order as placing the burden exclusively on Defendant to contact Movant for a deposition. Instead, when the Court ordered Movant to appear at a "mutually agreed upon time"

for deposition (Dkt. No. 39 at 5), the Court assumed that Movant and Defendant would mutually reach out to each other to set up this time. Accordingly, Movant bears some responsibility for failing to reach out to Defendant to set a "mutually agreed upon time" for her deposition.

In so concluding, the Court does not condone Defendant's delay in sending its deposition notice. However, completely striking Movant's deposition is a disproportionate penalty in light of Defendant's minor delay. While untimely, Defendant's actions do not show a total absence of due diligence. Defendant attributes its delay to time-consuming litigation in other matters as well as a personnel change to Defendant's litigation support staff. (Dkt. No. 44 at 4-5.) Moreover, Defendant persuasively argues it will suffer "significant prejudice" if it cannot depose Movant, who "is the sole fact witness [Defendant] has attempted to depose . . . ." (*Id.* at 3-4.)

Where both Movant and Defendant bore responsibility to schedule Movant's deposition, and where Defendant will suffer prejudice if it cannot depose movant, the Court **DENIES** Movant's motion to strike her deposition. (Dkt. No. 46.) The Court finds further support for its decision in the fact that Defendant originally scheduled Movant's deposition on April 11, 2014 – giving Movant many months of notice regarding her upcoming deposition.

### III. ORDERS

The Court **DENIES** Movant's motion to strike her deposition. (Dkt. No. 46.) Within **seven (7) days** of this order, Movant and Defendant must both reach out to each other to schedule Movant's deposition. Within **thirty (30) days** of this order, Movant must appear at a mutually agreed upon time for the subpoenaed deposition.

Dated this 3rd day of October, 2014.

By the Court:

Dustin B. Pead
United States Magistrate Judge