IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN,<br><br>        Plaintiff,<br><br>v.<br><br>WEST JORDAN CITY, et al.,<br><br>        Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00736-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 36.) Plaintiff Aaron Jensen alleges that West Jordan City and several individuals acted wrongfully in connection with a 2009 settlement of Plaintiff's discrimination claims against the City. The matter is presently before the Court on Plaintiff's Motion for Leave to Amend Complaint (Dkt. 55) and his Motion for Extension of Time to Complete Discovery. (Dkt. 57.)

## ANALYSIS

Plaintiff seeks leave to amend his complaint to remove Dan Gallagher as a named defendant and add as defendants: Jeff Robinson, Dean Waters and Travis Peterson ("proposed defendants"). (Dkt. 55.) Plaintiff also seeks to add claims for breach of the covenant of good faith and fair dealing, unconscionability, fraudulent misrepresentation, and malicious prosecution under 42 U.S.C. § 1983. Plaintiff argues that he anticipated the addition of new parties when he

filed his complaint, as evidenced by the use of fictitious defendants. While Plaintiff acknowledges that the scheduling order indicates the deadline for adding parties to this case is "completed," he urges that this was the result of an oversight on the part of his former counsel. Plaintiff also argues that he need not meet the good cause standard of Rule 16 to obtain his proposed amendment and that, even if he did, good cause exists here. Finally, Plaintiff seeks to extend the fact discovery deadline from May 1, 2015, until July 1, 2015. (Dkt. 57.)

Defendants argue that the pretrial schedule correctly reflected their agreement with Plaintiff's former counsel that the last day to add parties had been completed; this was not an oversight. (Dkt. 56.)  Next, Defendants argue that Plaintiff must demonstrate good cause to amend his complaint and that no such cause exists here because Plaintiff has known all the relevant parties and facts since before this lawsuit was filed. Defendants argue that Plaintiff has not demonstrated he was diligent in seeking to amend his complaint, which was filed nearly three years ago. Defendants suggest that Plaintiff only added Jeff Robinson to attempt to create a conflict for the West Jordan City Attorney's Office and increase litigation costs. Finally, Defendants argue that the proposed amendment is futile.  Defendants did not file any opposition to Plaintiff's motion to extend discovery.

### I.     Amending the complaint

The Court may, within its discretion, grant or deny an amendment sought pursuant to Rule 15(a). *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). As the oft-quoted Rule states, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This phrase succinctly describes the balancing act required in this analysis. A case should "be decided on its merits rather than on procedural niceties." *Id.* Nonetheless, amendments may be denied for a number of reasons that serve the ends of justice, including instances of "undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

### a. Undue delay

Delay does not justify denial of a motion to amend, but such a motion may be denied on the basis of *undue* delay. *Minter*, 451 F.3d at 1205. "[A] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'" *Id.* Plaintiff asserts that the delay is justified here because he "was not being properly represented by his previous counsel." (Dkt. 58.)

### 1. *Plaintiff has unduly delayed in adding the proposed defendants.*

Plaintiff does not deny that he knew the facts underlying his proposed amendments at the time his original complaint was filed. Instead, Plaintiff asserts that he did not seek leave to amend earlier because he was not properly represented by prior counsel. This does not excuse the delay in attempting to bring the additional parties here. Plaintiff waited nearly two and a half years before he elected to retain new counsel. Yet the facts upon which the claims against the proposed defendants are based were apparently known to Plaintiff at the time the action was originally filed. Plaintiff followed prior counsel's strategy for over two years without substituting counsel, despite his knowledge of the relevant facts. Plaintiff does not provide adequate justification for allowing these parties to be omitted for so long. In fact, he provides no

explanation for delaying so long to retain substitute counsel if he was dissatisfied with his representation and believed that he had claims against the proposed defendants.

Moreover, Plaintiff offers no case that suggests the conduct of prior counsel justifies a more than two-year delay in seeking to amend a complaint to add individuals known to Plaintiff at the time the case was filed. This is unsurprising. Civil litigation could quickly become interminable if a party could switch attorneys and then obtain amendments adding additional defendants and radically revising case strategy based on substituted counsel's preferences. Here, the substitution of counsel alone does not provide a sufficient justification for Plaintiff's delayed attempt to add the proposed defendants based upon facts known to Plaintiff when he first filed this case, nearly three years ago.

Likewise, the delay is further unjustified to the extent the amendment seeks to add the proposed defendants because Plaintiff stipulated to a scheduling order that indicated the time for adding parties had expired. While Plaintiff argues that the deadline to add parties was only inadvertently identified as "completed" in the scheduling order submitted to the Court, such inadvertence has not been established in the record. Further, Plaintiff's prior erroneous characterization of discovery matters casts doubt on this characterization. Plaintiff suggests in his motion to amend that Defendants, not Plaintiff, previously sought an extension of discovery. (Dkt. 55.) In their opposition, Defendants establish that it was Plaintiff, not Defendants, who sought the prior discovery extension. (Dkt. 56.) Plaintiff does not attempt to refute Defendants' account of this issue in his reply. In fact, Plaintiff does not even offer an explanation for his error. It appears that Plaintiff, or his counsel, may not be fully informed on the history of this case. Based on the foregoing, the Court cannot conclude that the deadline for adding parties was set as a result of a mere oversight in this case.

Finally, even if Plaintiff made a mistake by agreeing to the proposed schedule, there is no indication that the mistake was mutual. Defendants indicate that they intended to not extend the deadline for adding parties. Defendants are entitled to hold Plaintiff to his agreements. Accordingly, Plaintiff unduly delayed in seeking an amendment to add the proposed defendants.

2. *Plaintiff did not unduly delay amending to allege the additional claims.*

Contrarily, the Court is not persuaded that Plaintiff unduly delayed in brining additional claims against Defendants. First, given that Plaintiff is not an attorney; it is more understandable that he would not have recognized the need for such an amendment. Legal theories can be nuanced and the reasons for bringing, or omitting, a claim are likely unclear to someone untrained in litigation. Likewise, unlike the attempt to add new parties, Plaintiff timely filed his motion to amend. Accordingly, while the delay in bringing these claims is not ideal, it does not rise to the level of undue delay that precludes an amendment.

3. *Good cause*

The parties spend some time addressing whether Plaintiff must demonstrate "good cause" ordinarily necessary to amend a scheduling order because Plaintiff seeks an amendment to add parties after the deadline for doing so has passed. The Tenth Circuit has expressly refrained from deciding this issue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The Court need not divine whether the Tenth Circuit would apply the good cause standard here because the outcome does not change. As the Tenth Circuit noted in *Minter*, the good cause analysis may be unnecessary in some cases "given the rough similarity between the 'good cause' standard of Rule 16(b) and our 'undue delay' analysis under Rule 15 . . . ." *Id.* Here, the Court's decision regarding the proposed defendants renders the good cause analysis unnecessary because it would only make Plaintiff's attempt to amend more difficult.

### b. Undue prejudice

The amendment sought will also unduly prejudice the proposed defendants. To determine whether there is undue prejudice, the Court must examine whether the amendment will unfairly affect a party's ability to prepare its defense. *Patton v. Guyer*, 443 F.3d 79, 86 (10th Cir. 1971); *Minter*, 451 F.3d at 1207. Plaintiff argues that the proposed defendants should have foreseen that they would be added to this lawsuit because they knew that they played a role in the events described in Plaintiff's First Amended Complaint. But it was at least equally plausible that the proposed defendants would have believed that Plaintiff intentionally omitted them from his complaint. Moreover, the stipulated schedule in this case indicated that the time for adding parties was "completed." This would have further justified an inference that the proposed defendants would not be added. Plaintiff does not suggest he did not know the proposed defendants' identities, nor does he allege he was otherwise not able to make the allegations contained in the proposed amendment. Nonetheless, he did not make these claims or name these proposed defendants at the time he filed this case in 2012.

More important to the undue prejudice analysis; the proposed defendants would be hindered in their ability to complete discovery by the deadline. This case has been ongoing for several years. If the additional defendants were added, they face a fact discovery deadline that already passed, although that deadline is extended until July 1 as discussed below. *See infra* Part II.

On the other hand, the proposed claims for fraudulent misrepresentation, unconscionability, and breach of the covenant of good faith and fair dealing will not cause undue prejudice to the existing Defendants. Instead, these claims are closely related to Plaintiff's allegations in his First Amended Complaint. Since this case was initiated, Plaintiff has alleged that he was harmed because Defendants acted improperly when Plaintiff settled his claims against the City in 2009.

These new claims are sufficiently related to the agreement to settle those claims and Defendants' alleged improper conduct that Defendants will not be unduly prejudiced by the amendment. While the specific legal theories are different, the basic thrust of the lawsuit remains the same: Plaintiff alleges harm from Defendants' conduct related to his 2009 settlement. The malicious prosecution claim also appears to address the issues set forth in the initial complaint. The First Amended Complaint contained factual allegations regarding the prosecution. While the Defendants may incur costs in defending the additional claims, they will not suffer undue prejudice. Defendants likely recognize this, as their prejudice arguments mostly pertain to the proposed additional defendants.

### c. Bad faith

Defendants have not established that Plaintiff seeks this amendment in bad faith. While Defendants unsurprisingly disagree with the strength of Plaintiffs' claims, they have not demonstrated that they would be frivolous. Additionally, while Defendants suggest that Plaintiff only seeks to add Jeff Robinson to disqualify the City attorney from defending this case, they offer nothing more than speculation to support their suggestion.[1]

### d. Futility

The additional claims do not appear futile. Defendants claim the amendment is futile because the amended claims were not specifically included in the notice of claim. Defendants argue that Plaintiff's amended claims and parties are thus subject to dismissal pursuant to the Utah Governmental Immunity Act ("UGIA"). Yet the cases Defendants rely upon do not suggest that

---

[1] The Court also wishes to address the correspondence West Jordan submitted with its briefing, in which West Jordan explains "that extensions will not be granted in this case." (Dkt. 56, Ex. D.) This "policy" not only contravenes the Utah Standard of Professionalism and Civility 14 adopted by the Court, but it imposes needless burdens on judicial resources. *See* D.U. Civ. R. 83-1.1(g), & App'x V.

such strict compliance is necessary.[2] *See, e.g.*, *Mecham v. Frazier*, 193 P.3d 630, 635 (finding that a "plaintiff need only include enough specificity in the notice to inform as to the nature of the claim so that the defendant can appraise its potential liability."). Next, Defendants take issue with the manner in which the claims are drafted, but these arguments are best addressed by a motion for more definite statement than by denial of Plaintiff's request to amend. Finally, as Plaintiff correctly points out, the UGIA cannot impede the proposed 42 U.S.C. § 1983 claim. Thus, the claims do not appear futile based on the briefing before the Court.

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for leave to amend. Plaintiff may amend his complaint to add claims for breach of the covenant of good faith and fair dealing, unconscionability, fraudulent misrepresentation, and malicious prosecution. Plaintiff may also remove claims against Dan Gallagher. The remainder of Plaintiff's motion to amend, including the request to add the proposed defendants, is denied. Plaintiff must file his Second Amended Complaint, complying with the terms of this order, no later than June 1, 2015.

## II.     Extending discovery

Plaintiff filed a motion to extend discovery in this case from May 1, 2015, until July 1, 2015. (Dkt. 57.) Defendants did not file any opposition to the motion and the time for doing so has now expired. D.U. Civ. R. 7-1(b)(3)(B) (requiring parties to file opposition memorandums to such motions "within fourteen (14) days after service of the motion . . . ."). Based on the lack of opposition, and for good cause shown in the motion, the Court **GRANTS** the motion to extend

---

[2] Strict compliance is necessary with respect to the additional proposed defendants in their individual capacities, but the Court need not reach that issue given that the Court will deny the amendment to the extent it seeks to add additional defendants. *See* Utah Code Ann. § 63G-7-401.

the fact discovery deadline. (Dkt. 57.) *See* D.U. Civ. R. 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

## ORDERS

For the reasons set forth above, the Court:

**GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Leave to Amend Complaint. (Dkt. 55.) Plaintiff may amend his complaint to add claims for breach of the covenant of good faith and fair dealing, unconscionability, fraudulent misrepresentation, and malicious prosecution. Plaintiff may also remove the claims against Dan Gallagher. The remainder of Plaintiff's motion to amend, including the request to add the proposed defendants, is denied. Plaintiff must file his Second Amended Complaint, complying with the terms of this order, no later than June 1, 2015.

**GRANTS** Plaintiff's motion to extend fact discovery. (Dkt. 57.) All fact discovery must be completed by July 1, 2015. All other deadlines remain the same.

IT IS SO ORDERED.

Dated this 19th day of May, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge