IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>WEST JORDAN CITY et al.,<br><br>　　　　　　　Defendants. | ORDER<br><br><br>Case No.  2:12CV736 DAK |

　　　　This matter is before the court on Defendants City of West Jordan and Robert Shober's ("Defendants") Motion to Dismiss State Law Claims for Failure to File an Undertaking. Defendants seek dismissal without prejudice of Plaintiff's claim for fraudulent misrepresentation, negligent misrepresentation, intentional infliction of economic relations. Defendants also seek an undertaking in the amount of $5525.91 if Plaintiff refiles the claims because, they argue, they have expended at least this much to date on taxable costs.

　　　　Plaintiff, however, argues that Defendants' motion is untimely because two of the three state law claims were filed over three years ago, and thus, they have waived their right to ask for dismissal.   Plaintiff contends that, if the court does dismiss the state law claims, it should require only the typical statutory amount of $300 as the undertaking.

　　　　 Utah law requires that when suing a governmental entity, the plaintiff must contemporaneously file an undertaking of at least $300 with the court. Utah Code Ann. § 63G–7–601; *Rippstein v. Provo*, 929 F.2d 576, 578 (10th Cir.1991).  Utah law also requires that a

plaintiff file a sufficiently large bond to guarantee payment of all costs. *See* Utah Code Ann. § 78B–3–104.  In this case, the court dismissed the state law claims without prejudice for failure to file an undertaking.   Plaintiff may refile these claims with the filing an undertaking in the amount of $300, which is what the court would have required had Defendants sought dismissal of these claims in a timely manner.[1]

Accordingly, Defendants' Motion to Dismiss [Docket No. 82] is GRANTED in part and DENIED in part.  The court hereby DISMISSES without prejudice Plaintiffs' claims for fraudulent misrepresentation, negligent misrepresentation, and intentional infliction of economic relations.  Plaintiff may file a Third Amended Complaint that includes these three state law claims, provided that he also files an undertaking in the amount of $300.

DATED this 4th day of September, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[1] The court declines to reward Defendants' approach of waiting over three years to file such a motion and then seeking an undertaking in the total amount of taxable costs incurred during those three years.