IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN,<br><br>      Plaintiff,<br><br>v.<br><br>WEST JORDAN CITY, et al.,<br><br>      Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00736-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 36.) Plaintiff Aaron Jensen alleges that West Jordan City and his former supervisor, Lt. Robert Shober, acted wrongfully in connection with a 2009 settlement of Plaintiff's discrimination claims against the City. The matter is presently before the Court on Plaintiff's Motion to Compel Discovery. (Dkt. 70.)

## ANALYSIS

Plaintiff seeks to compel discovery of West Jordan City employee complaints and associated disciplinary action dating back to 2006. Plaintiff argues that such material is relevant to his retaliation claims because Plaintiff can discover whether he was treated differently than similarly-situated employees. Plaintiff also asserts that Defendants were not responsive to Plaintiff's communications regarding this requested discovery.

Defendants argue that discovery of any information regarding events prior to an April 2009 settlement between Plaintiff and West Jordan City is barred by the District Court's Order

precluding Plaintiff from pursuing any "Pre-Settlement" claims. Defendants also argue that the requests are not relevant. Defendants next assert that certain requests are overbroad and may call for responses that implicate Utah's Government Records Access Management Act ("GRAMA"). Finally, Defendants claim their unresponsiveness was due to personnel changes in counsel's office as well as scheduled time off, both of which Plaintiff's counsel was purportedly aware.

### I. The relative burdens to demonstrate relevance on a motion to compel

The parties argue at some length regarding their respective burdens to demonstrate relevance of material sought in a motion to compel. There are two burdens at play, which seems to have created some confusion. The moving party bears a certain burden on a motion to compel, but once that burden is met, the burden of persuasion rests with the objecting party. Courts in the District of Kansas have described a moving party's burden as one of bringing an objection "into play." *E.g. Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 671 (D. Kan. 2004). This requires the movant to address the objections raised. The District of Utah's local rules put certain additional burdens on the movant. "Motions to compel discovery . . . must be accompanied by a copy of the discovery request, the response to the request to which objection is made, and a succinct statement, separately for each objection, summarizing why the response received was inadequate." D.U. Civ. R. 37-1(b). To demonstrate that a response was inadequate, a movant has an implicit obligation to address relevance because the scope of discovery is limited to information relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

Next, once the objections are brought "into play," the moving party "places the burden on the objecting party to support its objections." *Sonnino* at 671. Thus, ultimately, the resisting party has the burden of persuasion, so long as the movant has satisfied its initial burden.

Defendants cite *Chapman v. Carmike Cinemas, Inc.*, which states that "the burden of showing irrelevance is *on the party resisting discovery,* unless 'relevancy is not readily apparent.'" No. 06-948, 2007 WL 1302754, at *2 (D. Utah May 2, 2007) (emphasis original) (quoting *Apsley v. Boeing Co.*, No. 05-1368, 2007 WL 163201 (D. Kan. Jan. 18, 2007). Defendants appear to believe that by invoking this language, the burden of persuasion can be shifted to Plaintiff. The Court disagrees. The *Chapman* case fits within the framework set forth above. Here, Plaintiff adequately explains the relevance of the material sought and Defendants' objections are now in play. Accordingly, Defendants bear the burden of persuasion.

## II.     Interrogatories and requests for production of documents

### a. Defendants must respond, in part, to interrogatories six and seven, and request for production of documents nine.

1. Interrogatories six and seven

Interrogatory six:

> Please describe all complaints or concerns expressed to West Jordan City concerning Lt. Robert Shober ("Lt. Shober") from West Jordan City employees, including the person who expressed a concern, to whom, when, and the nature of the concern or complaint. Your answer should include, but not be limited to, all concerns expressed by Mr. Jensen and any other West Jordan City police department employee.

Interrogatory seven:

> Describe all investigations conducted in response to any complaint or concern about Lt. Shober, including who investigated, when, the allegations investigated, who was interviewed, and any findings of the investigations.

(Dkt. 70.)

These interrogatories seek relevant information. First, interrogatories six and seven seek information about how Defendants treated individuals situated similarly to Plaintiff. Defendants' treatment of such individuals is relevant to whether Defendants retaliated against Plaintiff. If Plaintiff was treated demonstrably more harshly than another similarly-situated employee, a jury

could find it more likely that Defendants' actions toward Plaintiff were retaliatory, rather than an ordinary response to Plaintiff's complaints. The Court recognizes a possibility that such evidence may not ultimately be admitted at trial, but information need not be admissible to be discoverable. *See* Rule 26(b).

Next, the District Court's Order limiting Plaintiff's recovery to only "Post-Settlement" claims does not make all information prior to the April 2009 settlement somehow irrelevant to this case. (*See* Dkt. 18.) The Order contains no prohibition against discovering facts prior to the April 2009 settlement. Defendants contend that this information is relevant to the Pre-Settlement claims, which have been barred by the District Court's Order. This may be true, but Defendants overlook that the materials are also relevant to claims that were not barred. While the information may not be used to establish any Pre-Settlement claims, it is relevant to Plaintiff's allegations that Defendants retaliated against him subsequent to the 2009 settlement.

Nonetheless, the Court recognizes that interrogatories six and seven were overbroad as initially drafted. Plaintiff, apparently recognizing this fact, suggested that Defendants limit their responses only to sexual harassment or retaliation complaints against Lt. Shober from 2006 until 2010 and any investigations conducted in response to such complaints. (Dkt. 70.) The Court agrees with Plaintiff that this proposed limitation ameliorates the over-breadth concerns.

Accordingly, Defendants must provide a response to interrogatory six; however that response need only include sexual harassment or retaliation complaints or concerns against Lt. Shober made by West Jordan City police department employees for the time period from 2006 until 2010.[1] If no responsive information exists, Defendants may so certify.

---

[1] While Defendants indicate they found no "such incidents concerning Lt. Shober during the time frame requested," it is not clear whether Defendants search was improperly temporally limited. Obviously, Defendants cannot produce anything that does not exist.

Likewise, Defendants must respond to a modified interrogatory seven: For the time period 2006 until 2010, "[d]escribe all investigations conducted in response to any [sexual harassment or retaliation] complaint or concern about Lt. Shober, including who investigated, when, the allegations investigated, who was interviewed, and any findings of the investigations." (Dkt. 70.)

    2. <u>Request for production of documents nine</u>

Again, the original discovery request was potentially overbroad, but Plaintiff suggested reasonable limitations. The requested materials are relevant for the reasons interrogatories six and seven are relevant. The amended request calls for documents directly tied to complaints and investigations described in the interrogatories discussed above.

Defendants must provide documents responsive to Plaintiff's modified request for documents nine. So there is no confusion, the modified request seeks: "all documents reflecting complaints made by Mr. Jensen and any other West Jordan City police department employee on [the subjects of employee harassment or retaliation, as well as any corresponding investigation of those complaining employees, from 2007 through 2010.]"

    **b. Defendants are excused from responding to interrogatories twelve and thirteen**

Interrogatory twelve:

> Please identify – by date, substance, complainant, individuals at issue, forum raised (i.e., whether a complaint was filed in court), and current procedural posture – any formal or informal complaints of policy violations, harassment, discrimination, retaliation, or constitutional violations made by West Jordan City employees (other than Mr. Jensen) against the City or its officials or supervisors from 2008 to present, and describe any action by the City to address the compliant, and whether any such complaint has been resolved. If the compliant became the subject of a lawsuit, please provide the case number and court in which the complaint was filed. Your answer should include but not be limited to Shelley Thomas' complaint(s).

Interrogatory thirteen:

> Please identify all West Jordan City police department employees from 2008 to present who have been subject to proposed or actual discipline for altering police

>reports, soliciting a prostitute, misusing public monies, theft, and/or distributing or arranging to distribute a controlled substance. For each employee identified, a) explain the circumstances that led to the proposed discipline; b) state whether the allegations were reported to prosecutorial authorities; c) state whether the discipline was reduced by any department throughout the appeals process; and 4) [sic] state the ultimate discipline imposed.

(Dkt. 70.)

Defendants have persuaded the Court that interrogatories twelve and thirteen are unduly burdensome. Interrogatory twelve probes for any and all complaints, even informal complaints, by all West Jordan employees against the City from 2008 to present. This request is disproportionate because it seeks information with a tenuous, if any, nexus with Plaintiff's case. Also, it would require Defendants to undertake the unmanageable task of locating every informal complaint made by a West Jordan City employee.

Likewise, interrogatory thirteen seeks information with little relationship to Plaintiff's case. Plaintiff's only asserted justification for this request is that he is "obviously entitled to discover whether he was treated differently than other police department employees." (Dkt. 70.) This reasoning does not justify Plaintiff's request. While the Court is willing to oblige requests related to whether Plaintiff's employment complaints were treated differently, the Court will not extend this reasoning to justify every and any inquiry into Defendants' conduct with all other employees. Interrogatory thirteen seeks information regarding possible misdeeds of other West Jordan City police employees irrespective of any connection to a potential claim of retaliation.

Based on the foregoing, interrogatories twelve and thirteen are unduly burdensome because their potential utility is marginal, and the interrogatories are unnecessarily cumulative of Plaintiff's other discovery regarding potential disparate treatment. *See* Fed. R. 26(b)(2)(C). Thus, Defendants need not respond to interrogatories twelve and thirteen.

### c. The Court will not award fees to either party

Plaintiff is only partially successful on the motion to compel. Accordingly, the Court has discretion to apportion fees. Fed. R. Civ. P. 37(a)(5)(C). It declines to do so. Also, the Court recognizes that GRAMA may explain Defendants' reluctance to give some of this information voluntarily and further militates against an award of fees against Defendants in this situation.

Notwithstanding the lack of a fee award, both parties are admonished to comply with their professional responsibilities. Defense counsel is reminded to be as responsive as possible to Plaintiff's communications regarding discovery. Despite the circumstances described in the opposition, counsel is not absolved of any professional duties. *See, e.g.* Utah R. Prof. Conduct 3.2 "A lawyer shall make reasonable efforts to expedite litigation . . . ."). The Court does not believe a violation has occurred, but reminds counsel of its ongoing obligations.

Likewise, Plaintiff is admonished to be accommodating of opposing counsel's circumstances. The Court does not believe it will be fruitful to sort through the various allegations in the pleadings and assign blame or impose sanctions. It appears that both sides could have worked together to resolve many of these issues. Counsel is encouraged to make any appropriate stipulations in the future. At the very least, counsel must maintain contact with one another, if not the Court, to make satisfactory arrangements. The Court may be inclined to impose sanctions if similar conduct recurs.

## III. Deposition requests

Plaintiff has withdrawn his request to compel depositions of Jeff Robinson and Travis Peterson. (Dkt. 91.)

## **ORDER**

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel Discovery. (Dkt. 70.) Defendants shall respond as described above. The Court will not compel any depositions because Plaintiff has withdrawn that request.

IT IS SO ORDERED.

Dated this 9th day of September, 2015.    By the Court:

_____
Dustin B. Pead
United States Magistrate Judge