IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN,<br><br>                Plaintiff,<br><br>v.<br><br>WEST JORDAN CITY, et al.,<br><br>                Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00736-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

**INTRODUCTION**

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 36.) Plaintiff Aaron Jensen alleges that West Jordan City and his former supervisor, Lt. Robert Shober, acted wrongfully in connection with a 2009 settlement of Plaintiff's discrimination claims against the City. The matter is presently before the Court on Defendants' Motion to Amend the Scheduling Order. (Dkt. 89.)

**ANALYSIS**

Defendants seek to amend the scheduling order to allow them time to designate experts and file expert reports. (Dkt. 89.) When Defendants filed this motion, the deadline for Defendants to designate experts had passed, although the deadline for providing expert reports had not. (*See* Dkt. 50; Dkt. 89.)  Defendants argue there is good cause to justify the amendment because their failure to timely designate experts came as a result of confusion over the deadline to designate, particularly in light of their agreement with Plaintiff regarding an extension of certain expert

disclosure deadlines. Defendants request, in the alternative, that the Court strike Plaintiff's expert report because Defendants did not receive a timely designation.

Plaintiff argues that Defendants' request to amend the scheduling order should be denied because Defendants have not demonstrated good cause. (Dkt. 95.) Specifically Plaintiff alleges that he will be prejudiced if the Court grants the motion and that Defendants were not diligent in obtaining the requisite discovery. Plaintiff also opposes Defendants' alternative request to strike Plaintiff's expert.

I.    **Defendants have shown good cause to amend the expert discovery schedule**

A scheduling order may be amended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Trial courts enjoy discretion to extend or reopen discovery. *Smith v. United States*: 834 F.2d 166, 169 (10th Cir. 1987). The Tenth Circuit considers several factors in evaluating the trial court's use of that discretion:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

The Court finds there is good cause to amend the schedule based upon Defendants' misunderstanding of the deadlines and their agreement with Plaintiff. Turning to the *Smith* factors, the parties appear to agree that trial is not imminent and that Plaintiff opposes the motion. Trial is currently set for August 29, 2016. (Dkt. 50.) Likewise, the Court finds that the discovery will lead to relevant evidence. Plaintiff does not suggest otherwise.

Next, the Court finds that Plaintiff will not be prejudiced. Plaintiff claims he will be prejudiced by delay and because he will incur litigation costs to oppose Defendants' expert; however, Plaintiff identifies no particular hardship that might be created by a late designation of

experts. Instead, he cites a prior order in which this Court partially granted his motion to amend his complaint, and granted him a discovery extension. (Dkt. 95 (quoting Dkt. 65.).) Plaintiff does so, apparently, to draw a parallel between the delay of more than two years in seeking to amend his complaint to add new defendants, and a delay of several weeks in designating an expert and preparing the expert's report. The two scenarios are distinguishable for a number of reasons, including length of delay, and more importantly prejudice to the nonmoving parties. As to the argument regarding expenses, Plaintiff has not explained how his expenses might increase due to the proposed scheduling amendment. Instead, this appears to be an ordinary litigation expense that will not be altered by an extension of the time to designate Defendants' experts and provide reports. *See also infra*, Part I.a (discussing standard for striking experts).

Plaintiff argues that Defendants were not diligent because they did not designate experts or provide reports "in the past three years before the deadlines expired." This comment is puzzling given that Plaintiff requested, and Defendants extended, the professional courtesy of an extension for Plaintiff to provide his expert's report. (*See* Dkt. 95 at 4 (discussing the "agreement to allow Mr. Jenson to produce his expert reports on July 13, 2015 . . .").) Plaintiff also attempts to use defense counsel's statements in seeking an informal resolution of this matter against Defendants. The Court will not reward this tactic. The Court encourages informal resolution, particularly of scheduling matters.

Nonetheless, the Court does not find that Defendants have been perfectly diligent. Defendants missed the deadline to designate an expert, whether due to confusion about the scheduling order or their agreement with Plaintiff. Missing a deadline demonstrates at least some lack of diligence. Nonetheless, the Court finds Defendants have been sufficiently diligent to justify the amendment they now seek. Defendants moved expeditiously to reach a resolution with

opposing counsel. When that failed, Defendants promptly sought relief with the Court by way of this motion seeking a reasonable extension of the expert deadlines.

### a. Defendants' experts are not automatically stricken even though the deadline to designate expired.

Further, this motion appears predicated upon a false assumption. Plaintiff appears to believe that Defendants' failure to designate results in automatic exclusion of Defendants' expert witness. (*See* Dkt. 95 at 3 (claiming that defendant will be forced to depose Defendants expert and find a rebuttal expert "if this Court grants Defendants leave to file their expert designations . . .").) This is not true. Exclusion is a drastic remedy, and unjustified here. "The decision to exclude evidence is a drastic sanction." *Summers v. Missouri Pacific Railroad System,* 132 F.3d 599, 604 (10th Cir.1997). The Tenth Circuit considers four factors to evaluate a trial court's use of discretion in striking expert witnesses:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Id.* The *Summers* court found reversible error where the trial court refused an extension of time to allow a late expert witness designation. *Id.*

The Court has already found that Plaintiff is not prejudiced by the late designation. Trial will not be disrupted given it is set to begin August 29, 2016. The Court also finds no bad faith or willfulness on Defendants' part. At worst, the failure to timely designate resulted from inadvertence, not bad faith or willfulness. Thus, even if the Court refused to amend the scheduling deadlines, Defendants' expert would not automatically be stricken.

Based on the foregoing, the Court finds that Defendants have shown good cause to amend the scheduling order to allow them time to designate expert witnesses and provide expert reports.

**b.  The Court does not reach the issue of striking Plaintiff's expert report**

Defendants have shown good cause to amend the scheduling order. Accordingly, the Court need not, and does not, reach their alternative request for relief.

## ORDER

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Amend Scheduling Order.  (Dkt. 89.) Defendants shall designate their experts and serve their expert reports no later than November 23, 2015.

IT IS SO ORDERED.

Dated this 9th day of October, 2015.            By the Court:

_____
Dustin B. Pead
United States Magistrate Judge