IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN,<br><br>          Plaintiff,<br><br>v.<br><br>WEST JORDAN CITY, et al.,<br><br>          Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00736-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 36.) Plaintiff Aaron Jensen alleges that West Jordan City and his former supervisor, Lt. Robert Shober, acted wrongfully in connection with a 2009 settlement of Plaintiff's discrimination claims against the City. The matter is presently before the court on Defendants' Motion to Compel Responses to First Set of Discovery. (Dkt. 116.)

## ANALYSIS

### I.      Motion to compel

Defendants seek to compel responses to four requests for production of documents that seek written communications between Plaintiff's counsel and certain prosecuting agencies[1], arrest records, and medical records. (Dkt. 116 at iii.) Defendants also seek an award of fees. (*Id.* at 8.) In response, Plaintiff argues that the communications between his counsel and the prosecuting agencies are protected by the work-product privilege. (Dkt. 120 at 5–8.) Plaintiff suggests he is unsure what documents Defendants seek related to his arrest records. (Dkt. 120 at 8.) As to the

---

[1] The prosecuting agencies are the Davis County Attorney's Office and the Salt Lake County District Attorney's Office.

medical records, Plaintiff asserts that he has turned over all records in his possession from Dr. Soderquist and that his objection to the subpoena to Cirque Lodge has not yet been resolved. (*Id.* at 10–11.) Plaintiff also asserts that Defendants failed to meet and confer and that their motion to compel is untimely. (*Id.* at 2–3.) Plaintiff also requests an award of attorney fees.

Defendants argue in their reply that they attempted to meet and confer regarding these discovery issues and that the motion to compel is timely. (Dkt. 121 at 1.) Defendants argue that the communications with prosecuting agencies are not privileged, and even if they were at one point, any privilege has been waived. (*Id.* at 2–3.) Defendants argue that "[i]f there are additional records" related to this request, Defendants would like them produced. (*Id.* at 3.) Defendants' reply shifts focus regarding the medical records. Rather than arguing that Plaintiff needs to produce documents, Defendants suggest "they are entitled to every document in Dr. Soderquist's possession" and that Defendants have "received nothing from Cirque Lodge." (Dkt. 121.)

### a. The motion to compel is timely

Plaintiff's argument regarding timeliness is not persuasive. Plaintiff cites a case from the District of Oklahoma that is distinguishable on many grounds, not the least of which are length of delay and proximity to trial. *See Cont'l Indus., Inc. v. Integrated Logistics Sols., LLC.*, 211 F.R.D. 442, 444 (N.D. Okla. 2002) (finding a motion to compel untimely where plaintiff "waited 18 months before moving to compel production" filing the motion "only three weeks before the scheduled trial"). Plaintiff does not indicate when he first received the discovery requests at issue. He indicates that Defendants "knew by March 31, 2015," that Plaintiff would not produce these materials. Defendants filed their motion to compel on October 16, 2015. This delay of seven months does not appear unjustified, particularly in light of the correspondence between the parties. Additionally, the motion was filed four days after the close of fact discovery. While it is

conceivable that a seven-month delay could justify denying a motion to compel as untimely, the court does not find that such denial is warranted here. Further, trial in this matter is set to begin August 29, 2016, over nine months from now. Accordingly, the motion to compel is timely.

### b.  Defendants did not adequately attempt to meet and confer

In matters where parties are represented by counsel, "the court will not entertain any discovery motion, unless counsel for the moving party files . . . a statement showing that counsel making the motion has made a reasonable effort to reach agreement with opposing counsel on the matters set forth in the motion." D. U. Civ. R. 37-1(a)(1). "Such statement must provide the date, time, and place where counsel conferred and the names of all participants at the conference." *Id.* It is within the Court's discretion to deny a motion to compel for failure to comply with the meet-and-confer requirements set forth in its local rules. *See Schulte v. Potter*, 218 F. App'x 703, 709 (10th Cir. 2007).

Here, Defendants do not identify any informal conference that took place to address these discovery issues. Instead, Defendants point to correspondence between the parties. Rule 37-1seems to suggest the parties must actually meet because it requires the parties set forth the place where they conferred. *See* D. U. Civ. R. 37-1(a)(1). Yet the rule is somewhat more flexible. Correspondence will sometimes suffice, though a conference (even telephonic) is preferable. The conference requirement helps conserve judicial resources. Informal conferences can narrow the issues between the parties and may even obviate the need for some discovery motions. The court finds that Defendants failed to show a reasonable effort to meet and confer regarding the request for Plaintiff's arrest and medical records.

First, Defendants argue their August email constituted their attempt to meet and confer. This email addresses only the purportedly privileged communications between counsel and the

prosecuting agencies. (*See* Dkt. 116, Ex. F & G.) It does not appear to address arrest or medical records. Further, Defendants reply makes clear that they are unsure what arrest records they seek from Plaintiff. (*See* Dkt. 121 at 3.) This issue could have been clarified quickly in a conference without the need to expend judicial resources. Likewise, the issue regarding medical records is unclear as a result of the lack of discussion between the parties. As addressed below, it appears that Defendants are demanding records in the possession of third parties, not Plaintiff.[2] *Infra* Part I.c. Thus, Defendants motion to compel will be denied as far as it seeks to compel arrest and medical records because Defendants did not comply with the local rule to set forth their reasonable efforts to meet and confer.

Nonetheless, the remaining issues appear sufficiently clear for the court's decision despite the lack of a conference. The parties' briefing and correspondence clarifies their respective positions and pertinent facts regarding the privilege issues governing communications between Plaintiff's counsel and prosecuting agencies. Thus, the court reaches the merits of the remaining issues in Defendants' motion to compel.

### c.  Privilege issues

Even assuming the work-product privilege applies to some portion of the correspondence between Plaintiff's counsel and the prosecuting agencies, Plaintiff clearly waived the privilege when he shared the materials with the prosecuting agencies. Plaintiff objected to document requests number 21 and 25 on work-product privilege grounds. "Work-product protection 'extends to the production of material assembled by an attorney in preparation for impending litigation.'" *United States v. Ary*, 518 F.3d 775, 783 (10th Cir. 2008). "The protection of work-product, however, is not absolute and may be waived." *Id.* "Courts will imply waiver when a

---

[2] To the extent this is the case, the request may be inappropriate under Rule 26(b)(2)(C)(i).

party claiming the protection has voluntarily disclosed work product to a party not covered by the work-product doctrine." *Id.* The Tenth Circuit has noted that even inadvertent disclosure of work-product material to prosecutors may waive the privilege *See id.* (citing *In re Grand Jury (Impounded)*, 138 F.3d 978, 979 (3d Cir. 1998)).

Here, Plaintiff admits that he turned the information at issue over to the prosecuting agencies. Plaintiff's argument on this point is somewhat confusing. He states that his attorney "absolutely would have shared" work product with prosecutors in a criminal case, but he does not offer any authority that provides a waiver exception in such circumstances. Although he fails to cite any case on the issue or invoke the doctrine specifically, Plaintiff appears to argue that the court should apply selective waiver to his disclosure. In other words, Plaintiff believes that turning over the materials at issue should not waive his work-product claim as to everyone, but only the prosecuting agencies. Selective waiver has not been adopted in the Tenth Circuit. *See In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179 (10th Cir. 2006) (refusing to adopt selective waiver where plaintiff in civil action sought documents previously produced by defendant to government agencies pursuant to confidentiality agreement between agencies and defendant). Further, the court finds selective waiver should not be applied in these circumstances, particularly where Plaintiff did not properly brief the issue.

### d. Medical records

As mentioned above, this issue will not be considered for purpose of the motion to compel because Defendants did not show reasonable attempts to meet and confer with Plaintiff prior to filing their motion. *Supra* Part I.a. Nonetheless, there appears to be significant outstanding issues related to Plaintiff's medical records. The motion ostensibly seeks discovery responses from Plaintiff. Yet, the briefing addresses a subpoena served on Cirque Lodge and documents

apparently in the possession of Dr. Soderquist, not Plaintiff. Defendants state "they are entitled to every document in Dr. Soderquist's possession" and that they have "received nothing from Cirque Lodge." (Dkt. 121.) As Plaintiff points out, he has a pending motion to quash the subpoena to Cirque Lodge and Scott Stapley. (*See* Dkt. 61.) However, Defendants indicate that the parties discussed the subpoena and that Plaintiff's initial objection may have been obviated by a protective order, which has since been entered. (Dkt. 116 at 7.) This suggestion is plausible given that Plaintiff never submitted the motion to quash for decision. Plaintiff does not discuss the extent of any conversations with Defendants and indicates only that his "objections . . . are still pending before this Court." (Dkt. 120.) It is not clear from the docket whether the parties reached an informal resolution on the motion to quash or simply forgot about it. Additionally, there is a second pending motion to quash that neither party appears to mention. (*See* Dkt. 64.)

Accordingly, the court will order the parties to address these two outstanding motions. If Defendants intend to oppose the motions to quash, they must file an opposition brief no later than December 4, 2015. This brief shall address not only the merits of the motions to quash, but must also show cause why the court should consider a tardy opposition. Plaintiff shall file his reply, if any, no later than December 14, 2015.  If the parties are able to reach a stipulated agreement, they shall so advise the court. In the absence of any action by the parties, the court will simply grant the unopposed motions to quash. *See* D. U. Civ. R. 7-1(d).

### e.   The Court will not award fees

Defendants are only partially successful on the motion to compel. Accordingly, the Court has discretion to apportion fees. Fed. R. Civ. P. 37(a)(5)(C). The court declines to award fees to either party.

## ORDER

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Compel Responses to First Set of Discovery. (Dkt. 116.) Plaintiff shall fully respond to Document Requests 21 and 25 and immediately turn over the thirteen emails identified in their briefing. The remainder of Defendants' Motion is denied.

Further, Defendants must file any opposition brief related to the pending motions to quash no later than December 4, 2015. (*See* Dkt. 61, 64.) This brief shall be limited to a single twelve-page document and shall include an initial section showing cause why the court should consider the tardy oppositions. Plaintiff's reply, if any, shall be filed no later than December 14, 2015, and must be no longer than ten pages. In the absence of any action by the parties, the court will simply grant the unopposed motions to quash.

IT IS SO ORDERED.

Dated this 20th day of November, 2015.        By the Court:

_____
Dustin B. Pead
United States Magistrate Judge