IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN,<br><br>        Plaintiff,<br><br>v.<br><br>WEST JORDAN CITY, et al.,<br><br>        Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00736-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 36.) The matter is presently before the court on Defendants' Motion to Compel Dr. Soderquist Records. (Dkt. 208.)

## ANALYSIS

### I.    Motion to compel

Defendants seek to compel responses to a subpoena served on Dr. Jean Soderquist, Ph.D. Specifically, Defendants seek records for five counseling sessions. Two of the records pertain to sessions between Dr. Soderquist and Plaintiff's ex-wife. The other three records relate to joint sessions with Dr. Soderquist, Plaintiff's ex-wife, and Plaintiff. Plaintiff resists the motion to compel, arguing that the records at issue are Plaintiff's ex-wife's privileged records and that she has not waived her privilege.[1] (ECF No. 215.) Plaintiff cites *Jaffee v. Redmond*, 518 U.S. 1, 18 (1996). Next, Plaintiff claims that the Health Insurance Portability and Accountability Act

---

[1] Plaintiff also argues that Defendants failed to properly meet and confer. The court disagrees based on the communications discussed in Defendants motion. (*See* ECF No. 208 at 2.)

("HIPAA") prevents disclosure of the records unless Defendants show they have notified Plaintiff's ex-wife of the request, citing 45 C.F.R. § 164.512(e)(1).

Dr. Soderquist filed an untimely opposition to Defendants' motion to compel. (ECF No. 224.) The court might ordinarily strike this tardy opposition because it was filed with no explanation from Dr. Soderquist for responding nearly three months after the initial motion was filed. Yet the court finds it need not strike the motion because it only repeats Plaintiff's arguments regarding *Jaffee* and makes an argument, without citation, that the records are "not related . . . to the issues in this lawsuit." (*Id.*)

### a. Dr. Soderquist must produce records of joint therapy

While patients enjoy a privilege in psychotherapy records, Plaintiff's ex-wife waived her privilege here. The parties agree that federal law recognizes a psychotherapist-patient privilege.[2] *See* (ECF Nos. 215 at 2–3; 220 at 3); *Jaffee v. Redmond*, 518 U.S. 1 (1996). Nonetheless, like any privilege, it is subject to waiver. *See Jaffee* at 15 ("Like other testimonial privileges, the patient may of course waive the protection."). "Courts have traditionally held that a privilege must be asserted by the owner when the subject matter of the privilege is first presented in the proceedings or risk a finding of waiver." *Tavares v. Lawrence & Mem'l Hosp.*, Civil No. 3:11-770 , 2012 WL 4321961, at *9 (D. Conn. Sept. 20, 2012). Like Plaintiff's ex-wife, the non-plaintiff spouse in *Tavares* made no express waiver of privilege and asserted no claims that could put his own mental status at issue. *Id.* at 8. Nonetheless, the *Tavares* court found the spouse's

---

[2] The court assumes here, as the parties do, that this privilege applies to joint therapy sessions, though *Jaffee* did not involve such a circumstance and there are reasons to believe the privilege may not apply. *See, e.g.*, *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) ("privileges 'must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'") (quoting *Trammel v. United States*, 445 U.S. 40 (1980)).

wavier was not necessary because the plaintiff spouse's waiver was sufficient to allow production of marital therapy records that involved both spouses. *Id.* at 9.

### 1. Plaintiff's ex-wife waived any privilege

To allow Plaintiff's ex-wife an opportunity to assert her privilege here, the court ordered Dr. Soderquist to provide Plaintiff's ex-wife with notice of this matter and an opportunity to object by February 17, 2017. (*See* ECF No. 222.) Dr. Soderquist appears to have complied with this order. (*See* ECF No. 224, Ex. 1.) As of the date of this Order, Plaintiff's ex-wife has not made any attempt to assert her privilege in the records at issue. Accordingly, the court finds she has waived that privilege for the purposes of this lawsuit.[3] As mentioned previously, these records are subject to the protective order in this case and must be filed under seal, if they are filed at all.

### 2. Plaintiff's ex-wife's individual records are not sufficiently relevant

Although this waiver applies to all five records, the court declines to order production of records of Plaintiff's ex-wife's individual meetings with Dr. Soderquist. Federal Rule of Civil Procedure 26(b)(1) provides that discovery should be limited to what is both relevant and "proportional to the needs of the case" based on various considerations. Here, Defendant has not demonstrated that Plaintiff's ex-wife's records are sufficiently relevant to merit production.

Defendants cite several cases to suggest these records are relevant. Yet, the cases Defendants cite address joint marital therapy records rather than individual therapy records of a plaintiff's spouse. Thus, these cases do not suggest that Plaintiff's ex-wife's individual counseling sessions are relevant to Plaintiff's claims here.

---

[3] Unlike, the *Tavares* court, this court does not decide whether a plaintiff spouse's waiver of the psychotherapist-patient privilege in marital therapy records (if such a privilege exists) is effective for a non-plaintiff spouse because Plaintiff's ex-wife had an opportunity to assert her privilege and apparently chose not to do so.

Additionally, the court rejects Defendant's suggestion that material is sufficiently relevant if it has "some possibility" of being relevant. The case cited to support this proposition relies on the "reasonably calculated" language of former Rule 26 that has been stricken from the Rule's text, with a note disapproving of that phrase's use to delineate the scope of discovery. *See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684 (D. Kan. 2004); Fed. R. Civ. P. 26, Advisory Committee Note, 2015 Amendment. Accordingly, the court will not order production of the individual records on the basis there is some "possibility" they are relevant.

### 3. HIPAA does not preclude compliance with the subpoena

Plaintiff's HIPAA argument appears to overlook the alternative language in 45 C.F.R. § 164.512(e)(1). Plaintiff relies on a portion of the regulation that requires a party who issues a subpoena for records to provide assurance that the subject of the protected health information has been notified of the request. *Id.* § 45 C.F.R. § 164.512(e)(1)(ii)(A). Yet this argument overlooks an alternative statutory provision. The statute provides that disclosure is likewise appropriate where the party who issues a subpoena provides assurance that it has secured a qualified protective order. *Id. §* 45 C.F.R. § 164.512(e)(1)(ii)(B). A protective order has been entered in this case. (ECF No. 86.) Plaintiff does not argue that this protective order fails to satisfy the requirements for a "qualified protective order" as defined in HIPAA. Accordingly, HIPAA does not prohibit production of these records.[4]

Based on the foregoing, Dr. Soderquist must produce all records related to Plaintiff's treatment, including joint therapy sessions in which his ex-wife also participated.

---

[4] Additionally, Plaintiff's ex-wife has now been provided notice of the subpoena and this motion. (*See* ECF No. 224, Ex. 1.)

## **ORDER**

For the reasons set forth above, the court:

**GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Compel Dr. Soderquist Records. (Dkt. 208.) Dr. Soderquist must immediately produce all records related to Plaintiff's joint treatment with his ex-wife.

IT IS SO ORDERED.

Dated this 15th day of March 2017.   By the Court:

Dustin B. Pead
United States Magistrate Judge