# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN,<br><br>Plaintiff,<br>vs.<br><br>WEST JORDAN CITY, a Utah municipal corporation, and ROBERT SHOBER, in his official capacity;<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:12-CV-736-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on several pretrial motions: Defendants West Jordan City ("WJC") and Robert Shober's ("Defendants'") Motion for Judgment on the Pleadings Dismissing the Claims Against Robert Shober in His Official Capacity [Docket No. 228]; Defendants' Motion in Limine No. 1: To Exclude Details of the Alleged Sexual Harassment of Mr. Jensen [Docket No. 241]; Defendants' Motion in Limine No. 2: To Exclude or Limit the Testimony of Gary R. Couillard, CPA [Docket No. 229]; Defendants' Motion in Limine No. 3: To Exclude Mediation Communications [Docket No. 231]; Defendants' Motion in Limine No. 4: To Exclude or Limit the Testimony of Dr. Soderquist [Docket No. 242]; Defendants' Motion in Limine No. 5: To Exclude Hearsay Statements and Unsupported, Speculative Opinions [Docket No. 232]; Defendants' Motion in Limine No. 6: To Exclude Evidence and Testimony Regarding Former West Jordan Employee [Docket No. 233]; Defendants' Motion in Limine No. 7: To Exclude Evidence Regarding Shelley Thomas [Docket No. 234]; Defendants' Motion in Limine No. 8: To Exclude the Testimony, Opinions, and Statements of Troy Rawlings [Docket No. 243]; Defendants' Motion in Limine No. 9: To Exclude the Testimony and Records of Dr. Juracan

[Docket No. 235]; Plaintiff Aaron Jensen's ("Mr. Jensen's") Motion in Limine No. 1 Re: Allegations Reviewed by the AG's Office [Docket No. 236]; Mr. Jensen's Motion in Limine No. 2 Re: Brenda Beaton [Docket No. 237]; and Mr. Jensen's Motion in Limine No. 3 Re: Mr. Jensen's Experiences as a Police Officer [Docket No. 238]. On May 23, 2017, the court held a hearing on the motions. At the hearing, Mr. Jensen was represented by April Hollingsworth, and Defendants were represented by Nathan Skeen, Maralyn English, Danica Cepernich, and Paul Dodd. Because Mr. Jensen's Motion to Amend Complaint [Docket No. 282] is related to Defendants' Motion for Judgment on the Pleadings Dismissing the Claims Against Robert Shober in His Official Capacity [Docket No. 228], the court also heard brief arguments on that motion. The court took the motions under advisement. The court has carefully considered the parties' arguments as well as the law and facts relevant to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order.

1. **Defendants' Motion for Judgment on the Pleadings Dismissing the Claims Against Robert Shober in His Official Capacity**

Defendants seek to dismiss Robert Shober in his official capacity pursuant to Federal Rule of Civil Procedure 12(c) because "[a] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988); *see also Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 780 (10th Cir. 1993) ("Since a judgment against a public servant in his or her official capacity imposes liability on the entity he or she represents, an official capacity suit is simply another way of pleading an action against that entity." (citations omitted)); *Swasey v. W. Valley City*, No. 2:13-CV-768-DN, 2015 WL 500870, at *1 (D. Utah Feb. 5, 2015) (unpublished) ("[W]hen a plaintiff names a municipality and a municipal employee in his official capacity, the claim against the employee in the official capacity should be dismissed."). In his response to the

motion, Mr. Jensen agrees that maintaining Robert Shober in his official capacity as a defendant is unnecessary. The court also agrees and, therefore, grants Defendants Motion for Judgment on the Pleadings Dismissing the Claims Against Robert Shober in his Official Capacity.

Although Mr. Jensen agrees that Robert Shober should be dropped as a defendant in his official capacity, Mr. Jensen filed a separate Motion to Amend Complaint asking the court to allow Mr. Jensen to add claims against Robert Shober in his personal capacity. This is not the first time that Mr. Jensen has sought to amend the complaint to add claims against Robert Shober in his personal capacity. On February 16, 2015, Mr. Jensen moved to add several amendments to the Complaint, including adding claims against Robert Shober in his personal capacity. On May 19, 2015, Magistrate Judge Dustin B. Pead entered a Memorandum Decision granting in part and denying in part Mr. Jensen's motion to amend. Although the Memorandum Decision did not directly address the allegations against Mr. Shober in his personal capacity, the decision denied the motion with respect to all claims not specifically addressed in the decision due to undue delay and undue prejudice to the Defendants. On June 5, 2015, the court overruled Mr. Jensen's objections to Magistrate Judge Pead's Memorandum Decision and affirmed and adopted the decision in its entirety.

The court does not see any need to reconsider its prior decision denying Mr. Jensen's motion to amend. If undue delay was present when Mr. Jensen moved to amend in February of 2015, then undue delay is still present over two years later. The court also concludes that undue prejudice is still present and that the level of prejudice is even greater now. With less than a month until trial, Mr. Jensen is seeking to bring claims against Mr. Jensen in his individual capacity. Although Mr. Jensen argues that the individual-capacity claims will not prejudice Defendants because the claims rely on the same facts, the individual-capacity claims also allow

for punitive damages and for a qualified immunity defense, neither of which Defendants considered or prepared for. Those changes to the available damages and defenses are significant changes to be making this close to trial. *See Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995) ("[T]he difference between an official capacity suit and an individual capacity suit is a big difference."); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993) ("[T]he distinction between an official capacity and an individual capacity suit is significant."). Therefore, the court denies Mr. Jensen's Motion to Amend Complaint to add Mr. Shober in his personal capacity.

   2. **Defendants' Motion in Limine No. 1: To Exclude Details of Alleged Sexual Harassment of Mr. Jensen**

Although the fact that Mr. Jensen made a complaint alleging that he was sexually harassed is relevant to his retaliation claim, Defendants seek to exclude details of the alleged sexual harassment of Mr. Jensen pursuant to Federal Rule of Evidence 403. In his opposition, Mr. Jensen concedes that the details of the alleged sexual harassment may not be relevant in general but clarified that Defendants could make the details relevant by implying that Mr. Jensen's claims were frivolous or that Mr. Jensen brought false claims.

The court agrees with the parties that the details of the alleged sexual harassment complaint underlying Mr. Jensen's retaliation claim are not relevant and are likely to be substantially more prejudicial than probative. Therefore, the court grants Defendants motion to exclude those details. However, if Mr. Jensen believes that the Defendants have made the details of Mr. Jensen's sexual harassment complaint relevant at trial and intends to introduce evidence or argument about those details, the court orders Mr. Jensen to give advanced notice to both Defendants and the court before introducing the evidence. The court also orders the parties to work together to propose a jury instruction on stipulated facts regarding Mr. Jensen's sexual harassment complaint.

3. **Defendants' Motion in Limine No. 2: To Exclude or Limit the Testimony of Gary R. Couillard, CPA**

Defendants motion initially sought to exclude several opinions that were included in the report of Gary Couillard, CPA, Mr. Jensen's economic damages expert, because Mr. Couillard was not qualified to testify about those opinions. But, through his opposition to Defendants' motion in limine, Mr. Jensen clarified that Mr. Couillard's only role in this case is to calculate the value of Mr. Jensen's lost retirement benefits. Therefore, the only remaining argument in Defendants motion in limine is that the testimony of Mr. Couillard should be excluded pursuant to Federal Rule of Evidence 702 because his opinion relies on assumptions that cannot be proven by admissible, competent evidence at trial. Specifically, Defendants argue that Mr. Couillard has no factual basis to assume that, absent conduct alleged against WJC, Mr. Jensen would have continued working 7.5 more years as a WJC police officer or would have found employment for 7.5 years as a Utah police officer such that he would be entitled to retirement benefits.

Pursuant to Federal Rule of Evidence 702, an expert "may testify in the form of an opinion or otherwise if," among other things, "the testimony is based on sufficient facts or data." Fed. R. Evid. 702(b). Although this requirement prohibits an expert from testifying based on mere "subjective belief or unsupported speculation," *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993), "absolute certainty is not required," *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995). Expert witnesses may, and often do, rely on assumptions to formulate their opinions. *See Chimney Rock Pub. Power Dist. v. Tri-State Generation & Transportation Ass'n, Inc.*, No. 10-CV-02349-WJM-KMT, 2014 WL 1715096, at *2 (D. Colo. Apr. 30, 2014) ("An expert witness may use assumptions in addition to facts to formulate his opinion, and the use of such assumptions does not make the opinion inadmissible."). As long as an expert clearly identifies his or her assumptions and distinguishes

5

those assumptions from other facts or data, the reliance on assumptions does not affect the admissibility of the expert's testimony but instead goes to the weight of that testimony. *See United States v. Crabbe*, 556 F. Supp. 2d 1217, 1224 (D. Colo. 2008) ("The accuracy of the assumption is not at issue for Rule 702 purposes. . . . The accuracy of the assumption is an issue for trial because it affects the weight of the opinion.").

The court concludes that Defendants' motion to exclude the testimony of Mr. Couillard should be denied. Defendants do not question Mr. Couillard's credentials or qualifications as an economist or his ability to calculate the value of Mr. Jensen's damages. Instead, Defendants base their arguments on the fact that Mr. Couillard is relying on assumptions that cannot be proven by admissible, competent evidence at trial. But an expert is allowed to rely on assumptions, as long as the assumptions are clear to the jury. Mr. Jensen argues that he will be able to establish the assumptions through witnesses at trial. Whether that is true or not remains to be seen but does not affect whether Mr. Couillard's testimony is admissible. If Mr. Jensen fails to adequately establish the assumptions at trial, Defendants can then challenge the weight and credibility of Mr. Couillard's opinion at trial.

**4. Defendants' Motion in Limine No. 3: To Exclude Mediation Communications**

Defendants seek to exclude evidence of mediation communications, as that term is defined in Utah's Uniform Mediation Act, related to the agreement reached between Mr. Jensen and WJC on the underlying sexual harassment claims. Although the parties generally agree that mediation communications should be excluded from trial, during the hearing, the parties revealed that a dispute exists as to the date that the agreement between the parties was finalized. At the hearing, the court ordered the parties to submit additional briefing on the date that the agreement was finalized so that the court can clarify that issue before trial. Because the date that the

agreement was finalized may affect what communications are considered mediation communications for purposes of this motion in limine, the court has determined that it will rule on the motion to exclude mediation communications in the same order that it determines the date that the agreement between the parties was finalized.

5. **Defendants' Motion in Limine No. 4: To Exclude or Limit the Testimony of Dr. Soderquist**

Defendants seek to exclude or limit the testimony of Dr. Jean Soderquist, Ph.D., Mr. Jensen's former treating therapist, because Dr. Soderquist's testimony goes beyond what should be allowed by a non-retained, treating provider. Although Dr. Soderquist was designated by Mr. Jensen as both a fact and an expert witness, Dr. Soderquist was not retained as an expert and did not file an expert report, which is proper for treating physicians under Federal Rule of Civil Procedure 26(a)(2)(C). Treating physicians designated as experts under Rule 26(a)(2)(C) "may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705." Fed. R. Civ. P. 26, advisory committee notes, 2010 amendments. A treating physician can testify as a fact witness regarding "observations based on personal knowledge, including the treatment of the party." *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). But a treating physician may also offer expert testimony and "opinions on matters within the scope of their treatment . . . [including] opinions about causation, diagnosis, and prognosis." *Richard v. Hinshaw*, No. CIV.A 09-1278-MLB, 2013 WL 6709674, at *2 (D. Kan. Dec. 18, 2013). In other words, a treating physician may testify as an expert witness to the extent that the testimony and opinions are "based on the physician's personal knowledge gained from the care and treatment of the plaintiff." *Wright v. BNSF Ry. Co.*, No. 13-CV-24-JED-FHM, 2016 WL 1183135, at *2 (N.D. Okla. Mar. 28, 2016) (internal quotation marks and citations omitted). Although expert testimony opinions should be limited to opinions "formed during the course of treatment of the

patient" and "limited to the personal knowledge and observations obtained during the course of care of the plaintiff" and not "based on information learned outside of the treatment," *Ramirez v. Ultimate Concrete, LLC*, No. 13CV649 JCH/LAM, 2015 WL 12832341, at *2 (D.N.M. Feb. 10, 2015), a treating physician in his or her role as a fact witness may, like any other fact witness, provide testimony on any facts based on personal knowledge, including facts learned outside of the treatment.

In this case, Dr. Soderquist had interactions with Mr. Jensen before becoming Mr. Jensen's treating therapist. Because Dr. Soderquist can testify as a fact witness, Dr. Soderquist can give observations based on personal knowledge regarding his interactions with Mr. Jensen, including the interactions with Mr. Jensen before becoming his treating therapist. As a non-retained expert, Dr. Soderquist can also give expert testimony as long as the expert testimony is limited to personal knowledge and observations obtained during the course of Mr. Jensen's treatment.

Defendants discuss at length statements from Dr. Soderquist's deposition regarding the fact that Dr. Soderquist was not treating Mr. Jensen for the diagnosis of depression but was instead treating him for depression as a symptom, did not do drug counseling with Mr. Jensen for his substance abuse, and did not consider herself to be treating Mr. Jensen for the cause of his psychological injuries. Based on these statements, Defendants argue that Dr. Soderquist should not be able to offer opinions regarding a diagnosis of depression, substance abuse, or the cause of Mr. Jensen's claimed psychological injuries. The court disagrees. As long as Dr. Soderquist is basing his expert opinion on personal knowledge obtained during the course of Mr. Jensen's treatment, the court concludes that Dr. Soderquist may opine even on topics such as depression, substance abuse, and the cause of Mr. Jensen's psychological injuries. Therefore, the court

concludes that Defendants' motion to exclude or limit Dr. Soderquist's testimony should be denied.

   6. **Defendants' Motion in Limine No. 5: To Exclude Hearsay Statements and Unsupported, Speculative Opinions**

Defendants seek to exclude specific statements identified in their motion in limine pursuant to Federal Rules of Evidence 802 and 602 because Defendants argue that they are either hearsay statements or unsupported, speculative testimony offered by Mr. Jensen and his witnesses. In general, "statements that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement" are "not admissible." Fed. R. Evid. 801(c) and 802. A fact witness is also limited to testifying "to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Although this rule does not prevent a fact witness from offering opinion testimony that is "rationally based on the witness's perception," Fed. R. Evid. 701, opinion testimony by a fact witness "based on speculation is inadmissible." *Horizon Americas Inc. v. Cessna Aircraft Co.*, No. CIV.A 03-1071-MLB, 2006 WL 5249750, at *1 (D. Kan. Feb. 1, 2006).

Although Mr. Jensen generally agrees with the principles identified by Defendants in their motion, Mr. Jensen argues that the motion is premature because the determination of whether the statements are admissible must be made at trial in light of the context in which they are offered. Although the court recognizes that context may affect the admissibility of statements at trial, the statements identified by Defendants appear to be either hearsay or speculative in the context in which they would likely be offered at trial. Therefore, the court concludes that Defendants' motion should generally be granted. However, if Mr. Jensen can convince the court at trial that one of the identified statements does not qualify as hearsay, or falls within an

exception to the general rule that hearsay is inadmissible, and is not speculative in the context in which it is being offered, then the court may allow the statement to be offered at trial.

7. **Defendants' Motion in Limine No. 6: To Exclude Evidence and Testimony Regarding Former WJC Employee**

Defendants seek to exclude all evidence or testimony regarding former WJC employee David Kwant pursuant to Federal Rules of Evidence 401 and 403 because Mr. Kwant is not similarly situated to Mr. Jensen and because Mr. Jensen has not produced any admissible evidence regarding Mr. Kwant. Mr. Jensen argues that he has personal knowledge of and can testify about evidence of the allegations against Mr. Kwant because Mr. Jensen was involved in the internal affairs investigation into Mr. Kwant. Mr. Jensen also argues that evidence regarding Mr. Kwant is relevant to show a motive to retaliate against Mr. Jensen because, despite having evidence of alleged criminal conduct by Mr. Kwant, WJC did not prosecute Mr. Kwant or refer his situation to another agency as WJC did with Mr. Jensen's situation.

The court concludes that evidence regarding Mr. Kwant meets the low bar of relevance because it potentially relates to the motives of WJC employees. To the extent that Mr. Jensen or other witnesses have personal knowledge about the allegations against Mr. Kwant, those witnesses can testify at trial based on that personal knowledge. However, hearsay or speculative evidence will not be admitted to inform the jury about the allegations against Mr. Kwant.

Therefore, the court concludes that Defendants' motion in limine to exclude evidence and testimony regarding Mr. Kwant should be denied and evidence about Mr. Kwant based on personal knowledge is admissible at trial.

8. **Defendants' Motion in Limine No. 7: To Exclude Evidence Regarding Shelley Thomas**

Defendants seek to exclude testimony regarding Shelley Thomas, a WJC Justice Court Clerk, including the complaint she filed in federal court, pursuant to Rules of Evidence 401, 403, and 802 as irrelevant, prejudicial, and inadmissible hearsay. Although Mr. Jensen agrees that the complaint should be excluded as inadmissible hearsay, Mr. Jensen argues that other evidence regarding Ms. Thomas should be admitted because it is relevant to establishing a municipal policy or custom of retaliation through threats of or actual criminal prosecution.

Although evidence of a municipal policy or custom is relevant to Mr. Jensen's claims, Ms. Thomas's situation is not sufficiently similar to Mr. Jensen's situation for the evidence regarding Ms. Thomas to be relevant to Mr. Jensen's claim of a municipal policy or custom. Because "a municipality is not vicariously liable under § 1983 for the misconduct of its employees," to pursue a § 1983 claim against a municipality, a plaintiff must show that the "alleged misconduct was the result of 'action pursuant to official municipal policy,' evidenced by a 'practice[] so persistent and widespread as to practically have the force of law." *Williams v. City of Tulsa*, 627 Fed. Appx. 700, 704 (10th Cir. 2015) (quoting *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011)). In order for a separate incident to be relevant to showing a municipal policy or custom, the "incident" must be "similar to the allegations" at issue in the case in front of the court. *Id.*

In this case, Mr. Jensen is claiming that WJC retaliated against him for the protected activity of filing a sexual harassment complaint against individual employees of WJC by initiating and encouraging a prosecution against Mr. Jensen. On the other hand, Ms. Thomas was concerned that she might face criminal charges for engaging in what she considered to be protected speech by refusing to provide or cooperate in locating a case file related to a criminal

investigation. Ms. Thomas did not allege retaliation for any protected activity, no formal investigation was initiated against Ms. Thomas, no charges were ever brought against Ms. Thomas, and the individuals who allegedly threatened Ms. Thomas with criminal charges were not WJC employees. Therefore, the court concludes that evidence regarding Ms. Thomas "clearly fails to indicate a persistent and widespread practice [of retaliation through threats of or actual criminal prosecution] sufficient to impute liability for . . . alleged misconduct [of WJC employees] to the City." *Williams*, 627 Fed. Appx. at 704.

Therefore, the court concludes that Defendants' motion in limine to exclude evidence regarding Ms. Thomas should be granted.

9. **Defendants' Motion in Limine No. 8: To Exclude the Testimony, Opinions, and Statements of Troy Rawlings**

Defendants seek to exclude the testimony, opinions, and statements of Troy Rawlings pursuant to Federal Rules of Evidence 401, 402, and 602 because Mr. Rawlings has no personal knowledge of facts that are of consequence in determining this action. Although Mr. Rawlings is the Davis County Attorney who made the decision to dismiss the criminal charges against Mr. Jensen, Defendants argue that his testimony is not relevant to proving or disproving any element of any remaining claims, especially because Defendants do not dispute that the charges against Mr. Jensen were dismissed with prejudice in response to a motion filed by Mr. Rawlings.

Even though Defendants do not dispute that the charges against Mr. Jensen were dismissed, the court concludes that Mr. Rawlings has personal knowledge of evidence that would tend "to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Specifically, Mr. Rawlings has personal knowledge that Mr. Jensen's case was transferred from the Salt Lake County Attorney's Office ("SLCO") to the Davis County Attorney's Office, of what was contained in the case file, of his

review of the case, and of the reasons why he decided to dismiss the charges against Mr. Jensen. Mr. Rawlings can also testify that he talked to various people about Mr. Jensen's case and can identify who he talked to, although Mr. Rawlings cannot testify as to the contents of those conversations unless an exception to the hearsay rule applies. However, the court notes that, like any fact witness, Mr. Rawlings is not allowed to testify in the form of an opinion on matters that are not within his personal knowledge, including the motivation behind SLCO's decision to transfer the case to Davis County, the likelihood of Mr. Jensen engaging in the conduct that he was charged with, the competence and professionalism of other investigators and prosecutors, and the quality of the investigation or prosecution.

As long as Mr. Rawlings keeps his testimony within the limits that the rules of evidence set for fact witnesses, the court concludes that Mr. Rawlings can testify at trial. Therefore, the Defendants' motion in limine to exclude Mr. Rawlings's testimony is denied.

**10. Defendants' Motion in Limine No. 9: To Exclude the Testimony and Records of Dr. Juracan**

Defendants seek to exclude the testimony and records of Dr. Marco Juracan, Mr. Jensen's current treating physician, pursuant to Federal Rule of Civil Procedure 37(c) and a prior court order because Mr. Jensen's recent identification of Dr. Juracan as a fact witness and of his records is untimely and likely precluded by the court's prior ruling. On February 3, 2017, the court issued an order striking Mr. Jensen's October 5, 2016, expert designation of Dr. Juracan as untimely, as prejudicial to Defendants, as disruptive of the trial schedule, and as indicative of a lack of diligence on the part of Mr. Jensen.

The Tenth Circuit has provided the following factors to consider to determine whether to exclude a witness or information based on a failure to disclose: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure prejudice; (3) extent to

which introducing the testimony would disrupt a trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The court has already concluded that allowing Dr. Juracan to testify as an expert would prejudice Defendants and disrupt the trial schedule. Because the trial is now less than a month away, the prejudice to Defendants and the disruption to the trial schedule are even more significant now than when the court issued its first order. Although Mr. Jensen has now designated Dr. Juracan as a fact witness, the arguments at the hearing on this motion in limine clarified that Mr. Jensen still intends to have Dr. Juracan offer testimony based on his specialized knowledge and experience. Mr. Jensen appears to be trying to avoid the effect of the court's prior order by "proffering an expert in lay witness clothing," which is prohibited by the Federal Rules of Evidence. Fed. R. Evid. 701, advisory committee notes, 2000 amendments.

Because the court is unwilling to reconsider its prior order, the court concludes that Defendants' motion in limine should be granted.

**11. Mr. Jensen's Motion in Limine No. 1 Re: Allegations Reviewed by the AG's Office**

Mr. Jensen seeks to exclude evidence of allegations of misconduct other than possession with intent to distribute a controlled substance and misuse of public monies that were reviewed by the Utah Attorney General's ("AG's") Office before Mr. Jensen's arrest pursuant to Federal Rules of Evidence 401 and 403 as irrelevant and because the probative value is substantially outweighed by a danger of unfair prejudice to Mr. Jensen. Specifically, an internal audit performed by the AG's Office revealed evidence of the following potential crimes committed by Mr. Jensen: falsifying reports, unlawful detention of individuals, robbery, destruction or concealing of evidence, and soliciting a prostitute. Mr. Jensen argues that these crimes are

irrelevant because Mr. Jensen was not charged with any of these crimes and the allegations are not a basis for this lawsuit. On the other hand, Defendants argue that the crimes are relevant to the length and complexity of the investigation performed by the AG's Office and the Salt Lake County Attorney's Office ("SLCO") and to determining the motivations behind the decisions of the AG's Office and SLCO during the investigations and eventual prosecution of Mr. Jensen.

Although the court recognizes the relevance of the specific crimes identified by the AG's Office's internal audit to the length and complexity of the investigation and the motivations behind decision to investigate and prosecute, the court also recognizes the manifestly prejudicial nature of the crime of soliciting a prostitute. The court concludes that, despite its potential relevance, evidence of the crime of soliciting a prostitute is manifestly substantially more prejudicial than probative. Therefore, although the court will allow Defendants to introduce evidence of other crimes that the AG's Office found evidence of, the court concludes that Defendants may not introduce any evidence of the crime of soliciting a prostitute.

The court concludes that Mr. Jensen's motion in limine regarding allegations reviewed by the AG's Office should be granted in part as to the crime of soliciting a prostitute.

**12. Mr. Jensen's Motion in Limine No. 2 Re: Brenda Beaton**

Mr. Jensen seeks to exclude any evidence related to a previous intimate relationship between Mr. Jensen and Brenda Beaton pursuant to Federal Rules of Evidence 401 and 403 because it is irrelevant and prejudicial. In their response, Defendants note that they have no plans to introduce evidence of the intimate relationship between Mr. Jensen and Ms. Beaton. Therefore, the court concludes the Mr. Jensen's motion regarding Brenda Beaton should be granted.

Pursuant to a request from the Defendants, the court also concludes that, if Mr. Jensen elicits testimony or introduces evidence at trial that makes the relationship relevant, Defendants may introduce evidence of the relationship if, before introducing the evidence, Defendants provide notice to Mr. Jensen and allow the court to evaluate whether, under the circumstances, the evidence is relevant and admissible.

**13. Mr. Jensen's Motion in Limine No. 3 Re: Mr. Jensen's Experiences as a Police Officer**

Mr. Jensen seeks to exclude evidence of Mr. Jensen's misrepresentations of his experiences as a police officer pursuant to Rules of Evidence 401, 608, and 801 and the therapist privilege. Defendants have provided evidence that Mr. Jensen misrepresented experiences that he had as a police officer including misrepresenting that he was present when one of his co-workers was shot in the line of duty, that he personally was shot in the line of duty, and that he rescued a baby from a burning building. Evidence that Mr. Jensen made these misrepresentations include therapy notes, representations made by Mr. Jensen's attorney in a justice court, and Mr. Jensen's responses on an application for reactivation of the Utah Peace Officer Standards and Training. Defendants argue that this evidence is relevant to both emotional distress damages and Mr. Jensen's credibility.

The court agrees that evidence of Mr. Jensen's misrepresentations regarding experiences that he had as a police officer are relevant to both emotional distress damages and Mr. Jensen's credibility. But any evidence that Mr. Jensen actually made the alleged misrepresentations must be presented to the jury only through admissible evidence. For example, Defendants could not rely exclusively on therapy notes to present the evidence to the jury, but the evidence could potentially come in through the testimony of the therapists themselves. Similarly, Defendants

could not rely on the statements of Mr. Jensen's attorney in front of a justice court, but the Defendants could rely on misrepresentations on an application.

Therefore, the court concludes that Mr. Jensen's motion in limine regarding his experiences as a police officer should be denied, and, to the extent that the Defendants can use admissible evidence to show that Mr. Jensen made the alleged misrepresentations, the court will allow such evidence to be admitted.

## CONCLUSION

Based on the above reasoning, Defendants' Motion for Judgment on the Pleadings Dismissing the Claims Against Robert Shober in His Official Capacity [Docket No. 228] is GRANTED; Mr. Jensen's Motion to Amend Complaint [Docket No. 282] is DENIED; Defendants' Motion in Limine No. 1: To Exclude Details of the Alleged Sexual Harassment of Mr. Jensen [Docket No. 241] is GRANTED; Defendants' Motion in Limine No. 2: To Exclude or Limit the Testimony of Gary R. Couillard, CPA [Docket No. 229] is DENIED; Defendants' Motion in Limine No. 3: To Exclude Mediation Communications [Docket No. 231] will be decided in a later court order; Defendants' Motion in Limine No. 4: To Exclude or Limit the Testimony of Dr. Soderquist [Docket No. 242] is DENIED; Defendants' Motion in Limine No. 5: To Exclude Hearsay Statements and Unsupported, Speculative Opinions [Docket No. 232] is GRANTED; Defendants' Motion in Limine No. 6: To Exclude Evidence and Testimony Regarding Former West Jordan Employee [Docket No. 233] is DENIED; Defendants' Motion in Limine No. 7: To Exclude Evidence Regarding Shelley Thomas [Docket No. 234] is GRANTED; Defendants' Motion in Limine No. 8: To Exclude the Testimony, Opinions, and Statements of Troy Rawlings [Docket No. 243] is DENIED; Defendants' Motion in Limine No. 9: To Exclude the Testimony and Records of Dr. Juracan [Docket No. 235] is GRANTED;

Plaintiff Aaron Jensen's ("Mr. Jensen's") Motion in Limine No. 1 Re: Allegations Reviewed by the AG's Office [Docket No. 236] is GRANTED IN PART AND DENIED IN PART; Mr. Jensen's Motion in Limine No. 2 Re: Brenda Beaton [Docket No. 237] is GRANTED; and Mr. Jensen's Motion in Limine No. 3 Re: Mr. Jensen's Experiences as a Police Officer [Docket No. 238] is DENIED.

DATED this 26th day of May, 2017.

BY THE COURT:

*Dale A. Kimball*

DALE A. KIMBALL
United States District Judge