IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| AARON JENSEN, | **MEMORANDUM DECISION AND ORDER** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:12-cv-736 |
| WEST JORDAN CITY, a Utah municipal corporation, | District Judge Dale A. Kimball |
| Defendant. | |

This matter is before the court on Defendant West Jordan City's (WJC) Motion to Stay the Execution of Judgment pending appeal. (Dkt. No. 408). In its motion, WJC seeks that the court either: (1) stay the execution of judgment pending appeal without requiring WJC to issue a supersedeas bond; or (2) stay the execution of judgment pending appeal and require WJC to open a separate account at the Public Treasurers' Investment Fund with the sum equal to what would be necessary for a supersedeas bond. Aaron Jensen, the Plaintiff, only opposes WJC's request to stay the execution of judgment without a supersedeas bond.

Rule 62(d) of the Federal Rules of Civil Procedure states "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." In support of WJC argument that the court should waive the supersedeas bond requirement it argues that a bond is unnecessary because there is no danger of WJC, a municipality, being unable to secure payment of the judgment. WJC provides no support for its assertion that a municipality is entitled to a stay without a supersedeas bond. Rule 62(e) mandates that a court must not require a bond when granting a stay on an appeal by the United States, its officers, or its agencies. Notably, municipalities are not included

in the list of entities that are not required to post a bond. The court therefore denies WJC's request for a stay without bond.

The court, however, GRANTS WJC's alternative request that a stay be issued pending the execution of judgment on appeal if WJC opens a separate account at the Public Treasurers' Investment Fund with the sum equal to what would be necessary for a supersedeas bond, which WJC believes is $700,000 or less. This request is unopposed. WJC is hereby ordered to place $700,000 in the Public Treasurers' Investment Fund as security for a stay of execution of judgment pending the appeal.

## CONCLUSION

The Defendant's Motion to Stay Execution of Judgment Pending Appeal is GRANTED in part. (Dkt. 408). The Defendant is required to place $700,000 in the Public Treasurers' Investment Fund in return for a stay pending the resolution of the appeal.

Dated this 7th day of December, 2017.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge