IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON JENSEN,<br><br>                    Plaintiff,<br><br>v.<br><br>WEST JORDAN CITY, a Utah municipal corporation,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12-cv-736-DAK<br><br>District Judge Dale A. Kimball |

This matter is before the court on Plaintiff Aaron Jensen's Supplemental Motion for Attorney Fees. On July 19, 2017, Mr. Jensen filed a motion for attorney's fees. (Dkt. No. 366). On October 13, 2017, the court granted Mr. Jensen's motion in part by awarding the following attorneys' fees: $147,402 for Ms. Hollingsworth; $44,210.45 for Ms. Beaton; $82,887.97 for Ms. Leonard; $26,620 for Mr. Hubbard; and $6,403.75 for Strindberg & Scholnick, LLC. (Dkt. No. 407). The court awarded Mr. Jensen a total of $307,524.17 in attorneys' fees. *Id.*

## DISCUSSION

Mr. Jensen seeks to supplement his prior motion for attorneys' fees by: (1) requesting fees for Mr. Jensen's first attorneys in this litigation, Heideman & Associates; (2) requesting fees for bringing and responding to the post-trial motions; and (3) asserting that Ms. Hollingsworth and Ms. Beaton should have been awarded a higher billable hour rate than what was ordered by the court.

(1) <u>Attorneys' Fees Pertaining to Heideman & Associates</u>

Mr. Jensen seeks an additional award of $17,583.85 for attorneys' fees billed by Heideman & Associates. Heideman & Associates initially filed this lawsuit, and was counsel on

1

the case until January 2015, when Hollingsworth Law Office replaced the firm as counsel. The attorneys at Heideman & Associates who worked on this case and their requested fees are as follows: Tony Jewkes – law clerk, billed at $95/hour; Justin Heideman – attorney, $200/hour; Josh Horrocks – attorney, $195/hour; Brad Weber – attorney, $200/hour; Wendy Poulsen – pearalegal, $95/hour; Jed Strong – attorney, $185/hour; Christina Cope – paralegal, $95/hour; James Jackson – law clerk, $95/hour; Catherine Shrier – legal assistant, $95/hour; Jenn Cole – legal assistant, $95/hour; and Bri Beck – legal assistant, $95/hour. The time entries for the hours billed is attached as Exhibit 1.

Fed. R. Civ. P. 54(d)(2)(B) provides that a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment." Defendant West Jordan City (WJC) argues that the motion for attorneys' fees as it relates to Heideman & Associates is untimely because Mr. Jensen failed to include these fees in his initial motion. Fed. R. Civ. P. 54(a) defines "Judgment" as "any order from which an appeal lies." The purpose of the 14 day provision "is to assure that the opposing party is informed of the claim before the time for appeal has elapsed." *See* Fed. R. Civ. P. 54(d) Advisory Committee's Notes.

In Mr. Jensen's reply to his original motion for attorneys' fees he states that he "intends to supplement his initial motion for fees when final judgment is entered, to include fees due to his original attorney in this matter, Justin Heideman…, and fees associated with the post-judgment pleadings." (Reply in Support of Plaintiff's Motion for Attorneys' Fees; Dkt. No. 395). Because this supplemental motion was filed within 14 days of the court's order ruling on the post-trial motions, and because opposing counsel was informed that such motion would be filed after the disposition of the post-trial motions, Mr. Jensen's supplementation is timely.

As to the amount of attorneys' fees to award, WJC argues that the fees should be adjusted. Specifically, WJC argues that several of the time entries involve tasks that are administrative in nature, the fees charged have not been demonstrated to be reasonable, and several of the time entries are so vague that it is impossible to determine what task was being performed.

The prevailing party in a case "bear[s] the burden 'to prove and establish the reasonableness of each dollar, each hour, above zero." *David C. v. Leavitt,* 900 F. Supp. 1547, 1555 (D. Utah 1995) (quoting *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1219 (10th Cir. 1986)). "[T]he first step in calculating fee awards is to determine the number of hours reasonably spent by counsel for the party seeking the fees." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "The district court must determine not just the actual hours expended by counsel, by which of those hours were reasonably expended in the litigation." *Id.* Although plaintiff's counsel "is not required to record in great detail how each minute of his time was expended," plaintiff's counsel should at least "identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12. "When examining the adequacy of an attorney's billing entries, we are primarily concerned with the district court's ability to evaluate the propriety of the fee request based on the specific billing entries." *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1178 (10th Cir. 2010).

WJC argues that many of the time entries by Heideman & Associates are administrative in nature and therefore should be excluded. WJC provides no support for its argument that fees billed by legal assistants are not compensable. The 10th Circuit has made clear that services by non-lawyers are compensable, subject to the same factors as time billed by attorneys. *Case v.*

*Unified School Dist. No. 233, Johnson County,* 157 F.3d 1243, 1249 (10th Cir. 1998). Mr. Jensen may therefore seek reasonable fees for services billed by administrative professionals.

WJC also argues that Jensen has failed to demonstrate that the fees charged by members of Heideman & Associates are reasonable, however, WJC does not specifically state which rates it believes should be adjusted and by how much. After careful review of the billable rates, the court determines that the rates charged by Heideman & Associates are reasonable and therefore recoverable.

Finally, WJC also argues that billing entries for costs, such as for filing fees and process service expenses are not proper in a motion for attorneys' fees. WJC highlighted the billing entries that it believed were improper. Mr. Jensen concedes that it should not recover the costs for the filing fee ($350) and service of the summons ($55) through this motion. An award of attorneys' fees for the work completed by Heideman & Associates is therefore awarded in the amount of $17,178.85.

(2) <u>Attorneys' Fees Relating to the Post-Trial Motions</u>

After filing Mr. Jensen's initial motion for attorneys' fees WJC filed a renewed Rule 50(b) motion, and a motion for a new trial. Mr. Jensen seeks to supplement his request for attorneys' fees to include the post-trial briefing on these motions. Accordingly, Mr. Jensen seeks to recover an additional $23,380 for his attorney April Hollingsworth's work on the motions. The amount Jensen seeks for the post-trial briefing calculates Ms. Hollingsworth's billable rate at $350 an hour. The court previously determined that a rate of $285 per billable hour was reasonable for Ms. Hollingsworth's legal services. Accordingly, Mr. Jensen may recover $19,038 for Ms. Hollingsworth's post-trial briefing.

(3) <u>Ms. Hollingsworth and Ms. Beaton's Billable Rates</u>

Jensen argues that the court improperly reduced Ms. Hollingsworth's billable rate from $350 to $285, and improperly reduced part of Ms. Beaton's billable rate from $300 to $225. The court explained in its previous order the reasons why these billable rates were adjusted and will therefore not revisit whether these reductions were reasonable.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Jensen's motion to supplement his award of attorneys' fees is GRANTED in part and DENIED in part. (Dkt. No. 409). Mr. Jensen is hereby awarded $17,178.85 for the work conducted by Heideman & Associates, and is also awarded an additional $19,038 for Ms. Hollingsworth's post-trial briefing.

Dated this 7th day of December, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge